IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. McGINLEY<br>4504 W. 65th Street<br>Prairie Village, KS 66208,<br><br>and<br><br>S.C. PRODUCTS, INC.<br>4010 Washington, Ste. 201<br>Kansas City, MO 64111,<br><br>    Plaintiffs,<br><br>vs.<br><br>LUV N' CARE, LTD.,<br>3030 Aurora Ave.<br>Monroe, LA 71201<br>,<br>    Defendant. | Case No. 4:16-cv-00283 |

## COMPLAINT

Plaintiffs Michael L. McGinley, individually and as the assignee of Brian Lau, and S.C. Products, Inc. state the following for their complaint in this action:

1. Plaintiff Michael L. McGinley ("McGinley") is an individual residing in Prairie Village, Kansas.

2. Plaintiff S.C. Products, Inc. ("SCP") is a Missouri corporation with its principal place of business in Kansas City, Missouri. SCP is in good standing with the Missouri Secretary of State.

3. Defendant Luv n' care, Ltd. ("Luv n' care") is a limited liability company organized under the laws of Louisiana with its principal place of business in Monroe, Ouachita Parish, Louisiana.

4. Luv n' care is subject to the jurisdiction of the Court in that Luv n' care has (and has had) a continuous and systematic presence in and/or contacts with the state of Missouri, and/or pursuant to the provisions of § 506.500 RSMo, having individually and/or through one or more duly authorized agents, acting within the course and scope of their authority, transacted business within Missouri, and/or entered into contracts with numerous Missouri residents, and/or committed multiple acts of infringement causing damage in Missouri, by supplying and selling goods and merchandise, including the infringing flexible panel rinse cup product described below, to or through Kmart, Walmart, Toys"R"Us, Amazon.com and other retailers, which sell the products in Missouri.

5. Luv n' care may be served with process by serving its registered agent, N. Edward Hakim, 200 Sabine Street, Monroe, LA 71201.

6. The Court has original and exclusive jurisdiction over the subject matter of this lawsuit in that Plaintiffs' claims arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

7. Venue in this judicial district is appropriate pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) since Luv n' care is subject to the Court's personal jurisdiction in this judicial district and thus "resides" in this judicial district for purposes of venue, all as is more fully set forth in this complaint.

8. On October 28, 2008, the United States Patent Office duly and legally issued United States Letters Patent No. 7,441,675 (the "'675 Patent") to McGinley and Brian Lau for an invention in a flexible panel pitcher device. A true and accurate copy of the '675 Patent as issued is attached hereto as Exhibit 1.

9. On June 28, 2014, the United States Patent Office duly and legally issued United

States Letters Patent No. 8,636,178 (the "'178 Patent") to McGinley and Lau for an invention in a flexible panel pitcher device. A true and accurate copy of the '178 Patent as issued is attached hereto as Exhibit 2.

10. In February 2004, prior to the issuance of the '675 and '178 Patents, Brian Lau, for good and valuable consideration, voluntarily sold, assigned, transferred and conveyed to McGinley, among other things, all of his right, title and interest in and to the flexible panel pitcher inventions and what became the '675 and '178 Patents pursuant to a written assignment agreement.

11. McGinley is, and has been continuously since October 28, 2008, the owner of the '675 Patent.

12. McGinley is, and has been continuously since June 28, 2014, the owner of the '178 Patent.

13. SCP holds, and at all relevant times has held, an exclusive license to sell the inventions set out in the '675 and '178 Patents (hereinafter referred to collectively as the "Rinse Cup Patents").

14. SCP actively markets and sells (and at all relevant times has actively marketed and sold) commercial embodiments of the Rinse Cup Patents inventions including the *"Shampoo Rinse Cup."*

15. Defendant Luv n' care has infringed and continues to infringe the '178 Patent, literally or pursuant to the doctrine of equivalents, by importing into the United States and/or by making, using, offering to sell or selling a flexible panel rinse cup that embodies the inventions in the '178 Patent, including the product Luv n' care has marketed and sold as the *"Nuby Tear Free Rinse Pail."*

16. By letter dated April 1, 2014, Plaintiffs formally notified Luv n' care of the Rinse Cup Patents and demanded that Luv n' care immediately cease and desist from infringing the '178 Patent.

17. Luv n' care requested time to provide a substantive response to Plaintiffs' letter and demand, but strung Plaintiffs along, delaying any such response, only recently rejecting Plaintiffs' continued efforts to enforce and protect their rights in and with respect to the '178 Patent.

18. At and before the time of infringement, Luv n' care had actual notice and knowledge of the '178 Patent and of Plaintiffs' published patent applications and rinse cup products and, despite such actual notice and knowledge of the same, Luv n' care imported into the United States, and/or made, used, offered to sell and/or sold the flexible panel rinse cup product described above.

19. The infringement of the '178 Patent by Luv n' care was and continues to be knowing, deliberate and willful in that Luv n' care made a deliberate choice to import into the United States, and/or to make, use, offer to sell and/or sell a flexible panel rinse cup product embodying the inventions in the '178 Patent, and to continue to do so, notwithstanding its actual notice and knowledge of the '178 Patent and Plaintiffs' published patent applications, products and demands.

20. As a direct result of Luv n' care's infringement, Plaintiffs sustained damages in amounts that have yet to be determined, but which include, without limitation, lost profits and other compensation to which Plaintiffs are entitled as damages as a matter of federal law. Plaintiffs further believe that they will continue to sustain significant damages unless Luv n' care, Kmart, Walmart, Toys"R"Us, Amazon.com and the other retailers to which Luv n' care continues to sell

and deliver its infringing products, are preliminarily and permanently enjoined from further infringing the '178 Patent.

WHEREFORE Plaintiffs respectfully pray that the Court enter a judgment against Defendant Luv n' care:

(a) Declaring that the '178 Patent is not invalid and that Luv n' care has infringed said Patent;

(b) Preliminarily and permanently enjoining Luv n' care, and any persons to which Luv n' care sells or delivers infringing products, from further infringing the '178 Patent;

(c) Requiring Luv n' care, at its own expense, to provide an accounting of all actionable and infringing acts and all revenue earned and/or received as a result of said actionable and infringing acts and awarding Plaintiffs such damages as are necessary to compensate Plaintiffs for the infringement of the '178 Patent and Plaintiffs' related rights, including but not limited to interest, which in no event should be less than a reasonable royalty for the uses and sales made of the patented inventions;

(d) Awarding Plaintiffs enhanced damages to the maximum extent allowed by law based on Luv n' care's conduct, including the deliberate and willful infringement of the patented invention;

(e) Awarding Plaintiffs reasonable attorneys' fees and litigation expenses, together with costs and such other and further relief as the Court deems proper and just.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury in the above-captioned civil action on all issues so triable.

Dated: March 30, 2016

Respectfully submitted,

WALTERS BENDER STROHBEHN
 &. VAUGHAN, P.C.

By      /s/ *Kip D. Richards*
    Kip D. Richards – Mo #39743
    Michael B. Sichter – Mo #64154
    2500 City Center Square
    1100 Main Street
    P.O. Box 26188
    Kansas City, MO 64196
    (816) 421-6620
    (816) 421-4747 (Facsimile)
    krichards@wbsvlaw.com
    msichter@wbsvlaw.com

ATTORNEYS FOR PLAINTIFFS